WRIGHT, J.,
delivered the opinion of the Court.
On the 20th of November, 1848, complainant, as the endorser of a note made hy Brooks, paid for him to Robert and John Edwards, the sum of $381.22; and on that day become his creditor for that amount. Brooks, in 1853, in the month of March or April, had obtained a judgment in the Circuit Court at Winchester, against complainant, for about $400.00.
The complainant, on the 8th of April, 1853, filed his bill in the Chancery Court at Winchester, to set-off the amount that Brooks owed him against the judgment, and alleged that Brooks was insolvent, and if allowed to collect his judgment against complainant, without abating for the set-off, the debt would be lost.
*196 He asked and obtained an injunction to stay defendant until the set-off was allowed.
The Chancellor, upon the hearing, refused to allow the set-off upon the ground that it was mattet of de-fence of which complainant could have availed himself upon the trial at law; and that he was not prevented from so doing by the fraud of the defendant, by accident, or by any act of the defendant.
In this, we think, he erred. Because we have been unable to find anything in this record which shows that complainant was a creditor of the defendant, or had paid the money to Robert and John Edwards, at the time of the institution of his suit against complainant; and it devolves on defendant to show this, if he insists complainant could have made his defence at law.
, A debt or demand, to be set-off, must have existed at the time of the commencement of the plaintiff’s suit. Jefferson County Bank v. Chapman, 19 John’s Rep., 322.
It is plain that the set-off was not used upon the trial at law, for the defendant, in his answer, admits the existence of the debt ' to complainant, and assumes the position that his judgment at law is more than sufficient to pay off any demand that complainant may have against him; and that, therefore, he ought not to be restrained from the prosecution of another action at law, which he had then pending against complainant for a matter not embraced in said judgment.
He thus, virtually, submits to the set-off. In his answer, he makes no reference to, or reliance upon the matter, on which the Chancellor decided the case. He waives all that, if it ever existed.
*197 We suppose, that in view of the facts of this case, no valid objection can be urged against the jurisdiction of the Court, or the relief proposed. Because defendant is alleged in the bill to .be insolvent, and that is, in effect, admitted in the answer. Smith v. Ross and Beeler, 3 Hum., 220.
And if this were not so, and complainant had at first no ground to come into a Court of Equity, still the defendant did not demur, but filed an answer, and this, under the force of the act of 1852, ch. 365, sec. 9, was a waiver of any objection to the jurisdiction of the Court. Acts of 1851-2, pages 673 and 674.
We reverse the decree, and decree for complainant.